Timothy **DUGDALE**, Ph.D., Appellant

v.

Loretta E. **LYNCH** and United States Customs and Border Protection, Appellees

No. 15-5146

**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 25, 2016

Rehearing En Banc Denied November 18, 2016

Timothy Dugdale, Ph.D., Pro Se.

Aaron Steven Goldsmith, Trial Attorney, U.S. Department of Justice (DOJ), Civil Division, Office of Immigration Litigation, Washington, DC, for Appellees.

Laura G. Ferguson, Anthony F. Shelley, Andrew C. Strelka, Miller & Chevalier Chartered, Washington, DC, for Anthony F. Shelley, Appointed Amicus Curiae for Appellant.

Before: Rogers, Circuit Judge, and Williams and Randolph, Senior Circuit Judges.

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

The U.S. Customs and Border Protection entered an order of expedited removal against Timothy Dugdale in January 2012, after determining that he had "willfully misrepresent[ed]" his business activities in order to gain admission to the United States in violation of 8 U.S.C. § 1182(a)(6)(C)(i). Dugdale v. U.S. Customs & Border Prot., 88 F.Supp.3d 1, 3 (D.D.C. 2015). The expedited removal order barred Dugdale from reentering the United States for five years. Id. Dugdale challenged the expedited removal order in

a habeas petition. Judicial review of the expedited removal order is limited to the grounds permitted by 8 U.S.C. § 1252(e)(2). Dugdale also challenged the constitutionality of the expedited removal system and requested a declaratory judgment of U.S. citizenship.

The challenges to the expedited removal order are moot. The U.S. Customs and Border Protection vacated the expedited removal order on April 8, 2015. On July 28, 2016, the Board of Immigration Appeals waived Dugdale's inadmissability based on his willful misrepresentation of his business pursuits. It also confirmed that vacating the expedited removal order lifted the accompanying five-year ban on Dugdale entering the United States. Therefore, the Board granted Dugdale advance permission to enter the United States as a nonimmigrant.

To the extent that Dugdale brought and preserved a separate claim for a declaration of citizenship, it is denied. Dugdale has not stated a claim of U.S. citizenship under the law in effect at the time of the relevant events. *Montana v. Kennedy*, 366 U.S. 308, 312, 81 S.Ct. 1336, 6 L.Ed.2d 313 (1961). Dugdale was not "born ... of ... a citizen of the United States," he was adopted by one. 8 U.S.C. § 1401 (1964). *See, e.g., Matter of Rodriguez–Tejedor*, 23 I. & N. Dec. 153, 155 (BIA 2001). Dugdale does not allege that before he turned 18 a naturalization petition was filed on his behalf or that he lived in the United States in his mother's custody as a lawful permanent resident. 8 U.S.C. § 1433(b) (1982). Therefore, Dugdale has not stated a claim to citizenship. This Court also does not have the power to naturalize him as a citizen. 8 U.S.C. § 1421; *I.N.S. v. Pangilinan*, 486 U.S. 875, 884–85, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988). We have considered and rejected Dugdale's other arguments.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a).